# United States Court of Appeals for the Fifth Circuit

No. 22-50495

CONSOLIDATED WITH

No. 22-50496

Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 7, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

BEQUER CALVO-PEREZ,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Western District of Texas
USDC Nos. 4:22-CR-30-1, 4:21-CR-801-1

Before STEWART, DENNIS, and WILLETT, *Circuit Judges*.

PER CURIAM:[*]

Bequer Calvo-Perez appeals his conviction and sentence for illegal reentry after removal in violation of 8 U.S.C. § 1326(a) and (b)(1), along with the revocation of a term of supervised release he was serving for a prior

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-50495
c/w No. 22-50496

offense.  He has not briefed the validity of the revocation of his supervised release or his revocation sentence and has, therefore, abandoned any challenge to them.  *See United States v. Reagan*, 596 F.3d 251, 254-55 (5th Cir. 2010).

In his sole issue on appeal, Calvo-Perez contends that § 1326(b) is unconstitutional because it permits a sentence above the otherwise-applicable statutory maximum based on facts that were neither alleged in the indictment nor found by a jury beyond a reasonable doubt.  He has filed an unopposed motion for summary disposition and a letter brief explaining that he has raised this issue only to preserve it for further review and conceding that this issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).  *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019).  Because summary disposition is appropriate, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), Calvo-Perez's motion is GRANTED, and the district court's judgment is AFFIRMED.